**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona  85201
Telephone No.:   (480) 464-1111
Facsimile No.:   (480) 464-5692
Email:           centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiff*
By:   Michael R. Pruitt, SBN 011792
      Email:    mpruitt@jacksonwhitelaw.com
      Nathaniel J. Hill, SBN 028151
      Email:    nhill@jacksonwhitelaw.com
      Grant S. Cragun, SBN 034332
      Email:    gcragun@jacksonwhitelaw.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Yukino Angela Boice,<br><br>              Plaintiff,<br><br>v.<br><br>Fortees Salon & Spa, LLC, an Arizona Limited Liability Company; Edward Osunlalu, a single man; and InfinitiHR West, LLC;<br><br>              Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Yukino Angela Boice, on behalf of herself and similarly situated current and former employees of Fortees Salon & Spa, LLC ("Fortees") and Edward Osunlalu, by and through their counsel undersigned, and for their Complaint, allege as follows:

### **THE PARTIES**

1.   Plaintiff Yukino Boice is filing this collective action and class action as an individual and on behalf of all other similarly situated current and former employees of Fortees and Edward Osunlalu.  Plaintiff's Consent to Become a Party Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit "1."

2. Plaintiff Boice is, and at all relevant times to this action been, a single woman residing in Maricopa County, Arizona.

3. Defendant Fortees is an Arizona limited liability company with its principle place of business in Maricopa County, Arizona.

4. Defendant Edward Osunlalu is, and at all times relevant to this action has been, a single man residing in Maricopa County, Arizona.

5. Defendant Osunlalu is the owner of Defendant Fortees (collectively, "Defendants").

6. Under the FLSA and Arizona Wage Act, all Defendants are "employers" as defined by these statutes, including Defendant Osunlalu in his individual capacity.

7. At all relevant times, Plaintiff was an "employee" of Defendants under the FLSA, 29 U.S.C. § 201, *et seq*. The provisions set forth in the FLSA apply to Defendants.

8. As the owner of Fortees, Defendant Osunlalu had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Fortees. As a person who acted in the interest of Fortees in relation to the company's employees, Defendant Osunlalu is subject to individual liability under the FLSA.

9. Defendant Osunlalu is sued in both his individual and corporate capacities.

10. The provisions set forth in The Arizona Wage Act, A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

11. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-350.

12. At all relevant times, Defendants were and continue to be an "employer" as defined by A.R.S. § 23-362.

13. Defendants directed and exercised control over Plaintiff's work and wages at all relevant times through an enterprise or an agent.

14. All Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

## JURISDICTIONAL ALLEGATIONS

15. This action arises from the illegal employment actions of Defendants under the statutes of the United States involving violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*.

16. As this matter arises under federal statute, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

17. This Court also has supplemental jurisdiction over the state law claims raised in this action pursuant to 28 U.S.C. § 1367 because such claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims in this action derive.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because events giving rise to the claims occurred in the State of Arizona within this District.

19. The United States District Court for the District of Arizona has personal jurisdiction because Defendants conduct business within this District and the actions giving rise to this Complaint occurred in this District.

20. As provided for by the FLSA, 29 U.S.C. § 216(b), this action is brought by Plaintiff individually for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the FLSA.

21. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA requires employers to pay all non-exempt employees a minimum wage for all time spent working during regular forty hour workweeks. *See* 29 U.S.C. § 206(a). Under the FLSA, employers are required to pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of forty hours in a workweek. *See* 29 U.S.C. § 207.

22. Upon information and belief, Defendants are covered employers and enterprises subject to the provisions of the FLSA since they are engaged in commerce and generate annual revenue in excess of $500,000, also referred to as "Enterprise Coverage".

23. Alternatively, Defendants are covered employers subject to the provisions of the FLSA because they are employers who have employees who are engaged in interstate commerce, also referred to as "Individual Coverage".

24. During the relevant time period, Plaintiff was an employee of Defendants covered by the provisions and protections contained in the FLSA.

25. Plaintiff's job duties are such that she was engaged in commerce as defined by the FLSA. Defendants' employees were engaged in interstate commerce because they used interstate instrumentalities such as, but not limited to, interstate credit card payment processing machines, internet advertisements, interstate telephones to call and receive calls for the scheduling of appointments and other business, utilized products that were purchased from out-of-state vendors, and sent and received out-of-state mail.

26. The Arizona Minimum Wage Act, A.R.S. § 23-363, establishes a minimum wage within the State of Arizona.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff Boice brings Count I, the FLSA failure to pay wages in violation of U.S.C. § 201 *et seq*., and Count II, the FLSA off-the-clock unpaid overtime claim, pursuant to 29 U.S.C. § 216(b), on behalf of herself and the following similarly situated current and former employees of Defendants: All commissioned, non-exempt stylists, cosmetologists, and estheticians, regardless of actual title, who worked for Defendants during the last two years in Arizona ("Collective Action Members").

28. A collective action is a superior method for bringing this action in that there is a well-defined community of interest in the questions of law and fact.

29. Plaintiff and Collective Action Members are similarly situated and are subject to Defendants' common practices, policies, or plans of failing to compensate them for all hours

worked and refusing to pay the required amount of overtime compensation in violation of the FLSA.

30. Plaintiff, on behalf of herself and the Collective Action Members, seeks relief on a collective basis challenging Defendants' practice of failing to accurately record work time and pay its employees for all hours worked, including overtime. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may be determined from Defendants' records, and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

31. Plaintiff is similarly situated to the Collective Action Members because they all are subject to similar payroll policies and procedures. Defendants requires the similarly situated Collective Action Members to work off of commission, but fail to pay them minimum wage for all hours worked.

32. Defendants' overtime wage practices were routine and consistent. Throughout the relevant time period over the past two years, the Collective Action Members regularly were not paid the proper overtime wage despite working in excess of forty hours per week.

33. Plaintiff and the Collective Action Members performed the same or similar job duties. Moreover, they regularly worked more than forty hours in a workweek. Accordingly, the employees victimized by Defendants' unlawful patterns and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

34. Defendants' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of this collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by Defendants.

35. The Collective Action Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

36. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the practice of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

37. Because Plaintiff and Collective Action Members were/are subject to Defendants' common practices, policies, or plans of failing to compensate at legally required rates in violation of the FLSA, this Court should conditionally certify the Collective Action and authorize facilitated notice to similarly situated individuals pursuant to Section 216(b) of the FLSA and *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

38. On information and belief, the names and addresses of additional Collective Action Members are available from Defendants, and notice should be provided by first class mail to their last known address and by workplace posting as soon as possible.

## CLASS ACTION ALLEGATIONS

39. Plaintiff, on behalf of herself and all other individuals similarly situated, repeat and re-allege each and every allegation by reference contained in all previous paragraphs.

40. Plaintiff, as class representative, brings Counts III and IV, the Arizona Wage Statute claims, as a Rule 23 class action on behalf of herself and the following persons: All commissioned, non-exempt stylists, cosmetologists, and estheticians, regardless of actual title, who worked during the last year for Defendants in Arizona ("Arizona Class Members").

41. Plaintiff's Rule 23 class claims (Counts III and IV) satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

42. <u>Ascertainability</u>. The identity of all Arizona Class Members is readily ascertainable from Defendants' records, and class notice can be provided to all Arizona Class Members by conventional means such as U.S. mail, email, and workplace postings.

43. <u>Numerosity</u>. Plaintiff's Rule 23 class claims (Counts III and IV) satisfies the numerosity requirement of a class action. The Arizona Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential

class members is unknown, and the facts for calculating that number are presently within the sole control of Defendants, upon information and belief, there are dozens of Arizona Class Members.

44. <u>Common Questions of Law and Fact</u>. Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all Arizona Class Members. Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

   a. whether Defendants employed the Arizona Class Members within the meaning of the Arizona Wage Statute;
   b. whether Defendants owe the Arizona Class Members wages in exchange for all work performed, including time in which they were engaged to wait;
   c. whether Defendants unlawfully failed to timely pay Arizona Class Members wages for all hours worked, including time in which they were engaged to wait; and
   d. whether Defendants are liable for damages under the Arizona Wage Statute, including but not limited to compensatory damages, interest, and treble damages.

45. <u>Typicality</u>. Plaintiff's claims under Arizona state law are typical of those of the Arizona Class Members in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

46. <u>Propriety of Class Action Mechanism</u>. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims. A class action is appropriate for the fair and efficient adjudication of this controversy. Defendants acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of the class members to protect their interests. The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it

virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

47. <u>Adequacy of Class Representative and Counsel for the Class</u>. Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this class and collective action.

## BACKGROUND FACTS

48. At all material times, Defendants are in the salon industry.

49. Plaintiff was hired by Defendants on or around January 4, 2018 as a stylist and makeup artist and was employed by Defendants until November 17, 2018.

50. Upon their hire, Plaintiff and other similarly situated workers agreed to be paid at similar commission rates for all services performed for Defendants.

51. Plaintiff and other similarly situated workers performed the duties of a cosmetologist and hairstylist including but not limited to: scheduling appointments; receiving payments; giving haircuts; styling hair; applying color hair dye; waxing customers' eyebrows and facial hair; cleaning shelves; sweeping and mopping floors; stocking hair product inventory; cleaning and putting away combs and other styling implements, all during an average workweek consisting of not less than 45 hours of work.

52. Several similarly situated workers performed the duties of an esthetician including but not limited to: providing skin care treatments; cleaning shelves; sweeping and mopping floors; stocking hair product inventory; cleaning and putting away combs and other styling implements, all during an average workweek consisting of not less than 45 hours of work.

53. Plaintiff and other similarly situated workers did not receive a salary from Defendants, but instead were only paid commission.

54. During their employment, Plaintiff and other similarly situated workers worked well over forty hours each week.

55. Defendants hired, fired, paid, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiff and other similarly situated workers.

56. Defendants instructed Plaintiff and other similarly situated workers about when, where, and how to perform their work.

57. The following further demonstrates Plaintiff's and other similarly situated workers' status as employees:

   a. Defendants maintained the sole right to hire and fire;
   b. Defendants made the decision not to pay minimum wage or overtime;
   c. Defendants supervised Plaintiff and other similarly situated workers and they were subjected to Defendants' rules;
   d. Plaintiff and other similarly situated workers had no financial investment with Defendants' business;
   e. Plaintiff and other similarly situated workers had no opportunity for profit or loss in the business;
   f. The services rendered by Plaintiff and other similarly situated workers in their work for Defendants was work related to: giving haircuts; styling hair; applying color hair dye; waxing customers' eyebrows and facial hair; providing skin care treatments; cleaning shelves; sweeping and mopping floors; stocking hair product inventory; cleaning and putting away combs and other styling implements; and thus were integral to Defendants' business;
   g. Plaintiff and other similarly situated workers were hired as permanent employees, scheduled to work for Defendants forty hours per week for the duration of their employment.

58. Defendants paid Plaintiff and other similarly situated workers only commission to avoid Defendants' obligation to pay them minimum wage, and as such failed to pay them minimum wage for all hours worked for Defendants.

59. During the period that Plaintiff and other similarly situated workers worked for Defendants, they spent time engaged to wait. All time spent engaged to wait is compensable under the FLSA.

60. Plaintiff and other similarly situated workers spent this time being engaged to wait all for the benefit of Defendants, could not engage in personal activities, and were required to be on-site while they waited for the next customers or clients.

61. As a result of Defendants' illegal wage practices, Plaintiff and other similarly situated workers were forced to perform work at an hourly rate which was less than the applicable minimum wage.

62. As a result of Defendants' willful failure to compensate Plaintiff and other similarly situated workers the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

63. Defendants have violated the FLSA by not paying Plaintiff and other similarly situated workers the full applicable minimum wage for all hours worked during their regular workweeks.

64. Defendants owe Plaintiff and other similarly situated workers similar wages for each and every workweek for the entire duration of their employment with Defendants.

65. When an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

66. Defendants failed to regularly and accurately maintain the record of time during which Defendants suffered or permitted Plaintiff and other similarly situated workers to work. As a result, Defendants' records of Plaintiff's and other similarly situated workers' time worked grossly understates the actual duration of time they worked during the entire duration of their employment with Defendants.

67. Defendants failed to pay Plaintiff and other similarly situated workers overtime wages for all hours worked in excess of forty hours per week.

68. Defendants classified Plaintiff and other similarly situated workers as independent contractors to avoid Defendants' obligation to pay them minimum wages and overtime wages for all hours worked in excess of forty hours per week.

69. Defendants' failure to pay Plaintiff and other similarly situated workers the applicable minimum hourly wage for all hours worked also violated A.R.S. § 23-363.

70. Defendants' failure to pay Plaintiff and other similarly situated workers the applicable overtime rate for all hours worked in excess of forty in a given workweek also violated A.R.S. § 23-352.

71. Plaintiff and other similarly situated workers are covered employees within the meaning of the FLSA.

72. Plaintiff and other similarly situated workers were or are non-exempt employees.

73. Defendants refused and/or failed to properly disclose to or apprise Plaintiff and other similarly situated workers of their rights under the FLSA.

74. Defendants directed and exercised control over Plaintiff's and other similarly situated workers' work and wages at all relevant times through an enterprise or agent.

75. Due to Defendants' illegal wage practices, Plaintiff and other similarly situated workers are entitled to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT I

**(Failure to Pay Wages in Violation of the FLSA, U.S.C. § 201 *et seq*.)**

76. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

77. Defendants' practice of failing to pay Plaintiff and the Collective Action Members at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

78. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants, Plaintiff, or the Collective Action Members.

79. Defendants willfully violated the FLSA by failing to pay the required minimum wage rate to Plaintiff and the Collective Action Members for all time spent working, including being engaged to wait.

80. Plaintiff and the Collective Action Members are therefore entitled to compensation for full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT II

### (Failure to Pay Overtime in Violation of the FLSA, U.S.C. § 201 *et seq*.)

81. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

82. Plaintiff and the Collective Action Members regularly worked an excess of forty hours per workweek.

83. Plaintiff and the Collective Action Members were to be paid an hourly wage in exchange for services as employees.

84. Defendants' practice of failing to pay Plaintiff and the Collective Action Members one-and-one-half times the applicable hourly rate of pay for all hours worked in excess of forty per week violates the FLSA, 29 U.S.C. § 207.

85. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one-and-one-half times the applicable hourly rate at which employees are employed are applicable to Defendant, Plaintiff, or the Collective Action Members.

86. The policy of not paying all overtime wages due was knowing, willful, not taken in good faith, and done with the full knowledge and consent of Defendants.

87. Plaintiff and the Collective Action Members were engaged to wait on the premises, restricted in their ability to leave the premises, and could not engage in personal activities as they waited for the next clients or customers.

88. Plaintiff and the Collective Action Members are therefore entitled to compensation at the applicable overtime rate for all hours worked in excess of forty per week, to be proven at

trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT III

### (Failure to Pay Wages in Violation of A.R.S. § 23-350, *et seq.*)

89. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

90. Plaintiff and the Arizona Class Members are "employees" as defined by A.R.S. § 23-350(2).

91. Defendants are an "employer" as defined by A.R.S. § 23-350(3).

92. Plaintiff and the Arizona Class Members provided Defendants with labor or services with a reasonable expectation of being paid. Defendants suffered or permitted Plaintiff and the Arizona Class Members to provide labor or services with the promise or understanding that they would be paid. The labor or services provided to Defendants by Plaintiff and the Arizona Class Members are "wages" as defined by A.R.S. § 23-350(6).

93. Defendants failed to pay Plaintiff and the Arizona Class Members all wages earned in violation of A.R.S. § 23-351, *et seq.* for all time spent working, including being engaged to wait.

94. By failing to pay Plaintiff and the Arizona Class Members all wages due to them, Defendants have wrongfully violated the provisions of A.R.S. § 23-352 which prohibit an employer from withholding the payment of wages from an employee without legal authority, prior written permission from the employee, or a claim against the employee that would be a set-off against unpaid wages.

95. Defendants do not qualify for an exemption to their obligations to timely pay wages or commissions to Plaintiff and the Arizona Class Members.

96. Pursuant to A.R.S. § 23-355, Plaintiff and the Arizona Class Members are entitled to recover treble the unpaid and untimely paid wages owed by Defendants.

97. Plaintiff and the Arizona Class Members are also entitled to interest thereon at the highest legal rate provided by law until paid in full.

## COUNT IV

**(Failure to Pay Minimum Wage in Violation of A.R.S. § 23-350 *et seq*.)**

98. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

99. Defendants' illegal practice of failing to pay Plaintiff and the Arizona Class Members wages at the rate of the Arizona Minimum Wage violates the Arizona Minimum Wage Act, A.R.S. § 23-363.

100. Plaintiff and the Arizona Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE,** Plaintiff and other similarly situated workers request that this Court enter judgment in their favor and against Defendants as follows:

A. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated commissioned, non-exempt stylists, cosmetologists, and estheticians, regardless of actual title who worked during the last two years for Defendants in Arizona, informing them of their right to file consents to join the FLSA portion of this action;

B. Certify the claim set forth in Count II above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated commissioned, non-exempt stylists, cosmetologists, and estheticians, regardless of actual title who worked during the last two years for Defendants in Arizona, informing them of their right to file consents to join the FLSA portion of this action;

C. Declare and find that Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

D. Declare and find that Defendants violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

E. Award Plaintiff and the Collective Action Members unpaid minimum wage damages, to be determined at trial;

F.   Award Plaintiff and the Collective Action Members their unpaid overtime damages, to be determined at trial;

G.   Award Plaintiff the Collective Action Members compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

H.   Certify the state law claim set forth in Count III above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

I.   Declare and find that Defendants have violated A.R.S. § 23-350, *et seq.* by failing to pay wages owed to Plaintiff and the Arizona Class Members;

J.   Declare and find that Defendants have violated A.R.S. § 23-363 by failing to pay proper minimum wages;

K.   Award Plaintiff and the Arizona Class Members compensatory damages, including treble the amount of wages owed to them, pursuant to A.R.S. § 23-355, to be determined at trial;

L.   Award Plaintiff and the Arizona Class Members compensatory damages, including liquidated damages, pursuant to A.R.S. § 23-363, to be determined at trial;

M.   Award prejudgment and post-judgment interest;

N.   Award Plaintiff and other similarly situated workers their reasonable attorneys' fees and costs resulting from this action pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364, and all other causes of action set forth herein;

O.   For all other further relief as this Court deems just and proper.

**DATED** this 17th day of June, 2019.

**JACKSON WHITE**

 s/ Nathaniel J. Hill
By:   Michael R. Pruitt, SBN 011792
       Nathaniel J. Hill, SBN 028151
       Grant S. Cragun, SBN 034332
40 North Center Street, Suite 200
Mesa, Arizona   85201
*Attorneys for Plaintiff*

F:\ABC\Boice, Yukino\Pleadings\Complaint.docx

-15-