**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona   85201
Telephone No.:	(480) 464-1111
Facsimile No.:	(480) 464-5692
Email:	centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiff*
By:	Michael R. Pruitt, SBN 011792
	Email:	mpruitt@jacksonwhitelaw.com
	Nathaniel J. Hill, SBN 028151
	Email:	nhill@jacksonwhitelaw.com
	Grant S. Cragun, SBN 034332
	Email:	gcragun@jacksonwhitelaw.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Yukino Angela Boice, on behalf of herself and other similarly situated employees,<br><br>       Plaintiff,<br><br>v.<br><br>Fortees Salon & Spa, LLC, an Arizona Limited Liability Company; Edward Osunlalu, a single man; and InfinitiHR, LLC;<br><br>       Defendants. | Case No.: CV-19-04484-PHX-JJT<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FORTEES SALON & SPA, LLC AND EDWARD OSUNLALU** |
| InfinitiHR, LLC,<br><br>       Cross-Claimant,<br><br>v.<br><br>Fortees Salon & Spa, LLC, an Arizona Limited Liability Company,<br><br>       Cross-Defendant. | |

Plaintiff Yukino Angela Boice respectfully moves this Court for a default judgment against Fortees Salon & Spa, LLC and Edward Osunlalu ("Defendants") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff previously obtained an entry of default against Defendants Fortees and Osunlalu. Dkt. 53. Plaintiff now requests a default judgment against Defendants Fortees and Osunlalu based on all of the *Eitel* factors weighing in favor of a judgment for the amount requested herein. *Eitel v. McCool,* 782 F.2d 1470 (9th Cir. 1986).   A proposed form of default judgment has been lodged with this filing.

Plaintiff also requests an award of her attorneys' fees and costs pursuant to 29 U.S.C. § 215(b) as the prevailing party in an FLSA lawsuit.

This motion is based on the pleadings and other filings on the record, the following memorandum of points and authorities, and additional evidence submitted with this motion.

## **MEMORANDUM OF POINTS AND AUTHORITIES**
## **PROCEDURAL INFORMATION**

1. Plaintiff filed her Complaint against Defendants Fortees Salon & Spa, LLC and Edward Osunlalu on June 17, 2019. Dkt. 1. Plaintiff filed a First Amended Complaint on September 6, 2019 (Dkt. 16) and a Second Amended Complaint on October 4, 2019. Dkt. 26. Defendant InfinitiHR filed its Answer to Plaintiff's Second Amended Complaint and Cross-Claims against Defendant Fortees Salon & Spa, LLC on October 18, 2019. Dkt. 29. Defendants Fortees Salon & Spa, LLC and Edward Osunlalu filed their response to Plaintiff's Second Amended Complaint on October 25, 2019. Dkt. 31.  Fortees Salon & Spa, LLC filed its Answer to Defendant InfinitiHR's Cross-Claims on November 8, 2019. Dkt. 36.

2. On January 27, 2020, counsel for Defendants Fortees Salon & Spa, LLC and Edward Osunlalu filed a Motion to Withdraw as Counsel of Record for Defendants Fortees Salon & Spa, LLC and Edward Osunlalu. Dkt. 47. On January 31, 2020, the Court granted counsel for Defendants' Motion to Withdraw as Counsel of Record. Dkt. 48. In its Order,

the Court Ordered that Defendant Edward Osunlalu must have replacement counsel enter a notice of appearance or notify the Court if he will represent himself.

3. In the January 31, 2020 Order, the Court further directed that Defendant Fortees Salon & Spa, LLC must have replacement counsel file a notice of appearance within 30 days of the Order. Dkt. 49.

4. The Court further directed that if Defendant Fortees Salon & Spa, LLC failed to file a notice of appearance within the directed 30 days, that Plaintiff shall dismiss the action against it or move to default Fortees Salon & Spa, LLC. Dkt. 48.

5. The 30-day deadline to file these notices was March 2, 2020. Neither Fortees Salon & Spa, LLC nor Defendant Edward Osunlalu filed the required notices by that time.

6. Plaintiff filed a Motion for Entry of Default Judgment as to both Fortees Salon & Spa, LLC and Edward Osunlalu. Dkt. 52. Clerk's Entry of Default was entered on March 12, 2020. Dkt. 53.

## **SERVICEMEMBER CIVIL RELIEF ACT**

This motion complies with the requirements of the Servicemembers Civil Relief Act, as Plaintiff's counsel is unable to determine if Edward Osunlalu is in military service, but Plaintiff reasonably believes that Edward Osunlalu is not currently serving in the military. *50 U.S.C. § 3901 et seq.*

## **ARGUMENT**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, this Court has discretion to enter a default judgment in favor of Plaintiff against Fortees Salon & Spa, LLC, and Edward Osunlalu. In considering whether to grant a default judgment the court should weigh the factors set out in *Eitel v. McCool,* 782 F.2d 1470 (9th. Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). All of the *Eitel* factors favor granting a default judgment against Defendants.

# *EITEL* FACTORS

1. *The possibility of prejudice to Plaintiff.*

Plaintiff Yukino Boice does not have another avenue for her claim if a default judgment is not entered against Defendants. Without a default judgment Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The only way to recover the unpaid wages and overtime owed to Plaintiff is to receive a default judgment. While Plaintiff has worked out a settlement agreement with InfinitiHR, LLC, that settlement was entered into based on an assessment of her claims against InfinitHR, LLC, and not the conduct of Fortees Salon & Spa, LLC, and Edward Osunlalu. Moreover, that settlement does not make Plaintiff whole as to her total unpaid wages and overtime. Plaintiff has no other option than to seek recovery from Defendants Fortees Salon & Spa, LLC and Edward Osunlalu for the remainder of her claims.

2. *The merits of the claims and sufficiency of the complaint*

The Plaintiff's Second Amended Complaint sets out a valid claim for her individual claims on Failure to Pay Wages in Violation of the FLSA, Failure to Pay Overtime in Violation of the FLSA, Failure to Pay Wages in Violation of A.R.S. § 23-350, Failure to Pay Overtime in Violation of A.R.S. § 23-350, and Failure to Pay Minimum Wage in Violation of A.R.S. § 23-350. Plaintiff's Second Amended Complaint complies with Federal Rule of Civil Procedure Rule 8(a).

The well-plead facts are binding on Defendants. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party. . ."). Plaintiff worked for and on behalf of Defendants Fortees Salon & Spa, LLC and Edward Osunlalu from January 4, 2018 until November 17, 2018. *See* Dkt. 26, ¶¶ 51-53. Plaintiff routinely worked an average not less than 45 hours per workweek. *Id.* at ¶ 55. However, Plaintiff was only paid on commissions on services provided to customers. *Id.* at ¶ 57. As a result, Plaintiff did not receive the

applicable minimum wage or overtime for working more than 40 hours in a workweek. *Id.* at ¶¶ 72-79.

Although Defendants Fortees and Osunlalu filed an answer denying any liability, the entry of default establishes the facts in the Second Amended Complaint. Dkt. 31. *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of facts, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established").

        3.    *The amount of money at stake*.

The relief sought by the Plaintiff is supported by the Second Amended Complaint and Declaration of Yukino Boice. See Declaration of Yukino Boice, attached hereto as Exhibit "A". Plaintiff has reasonably calculated the total number of hours worked based on her recollection of times worked. Moreover, as established by the entry of default for the Second Amended Complaint, Plaintiff worked an average of 45 hours per week during her employment. Dkt. 26, ¶ 55.

Defendants Fortees and Osunlalu have not produced any records of the total hours worked. Under the FLSA, an employer is required to keep accurate records of the hours worked by its employees. 29 U.S.C. § 211(c). Employees cannot be penalized because the employer failed to keep adequate records. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds*, *Sandifer v. U.S. Steel Corp.*, 134 S.Ct. 870, 880 (2014) (analyzing "donning and doffing" issues discussed in *Mt. Clemens*); *see also*, *In re Perez*, 749 F.3d 849, 853 (9th Cir. 2014) (approving *Mt. Clemens'* record keeping requirements against employers who fail to keep records). Based on Plaintiff's calculation of the hours worked, Plaintiff is seeking $19,231.10 in remaining unpaid wages and overtime. This amount includes a reduction of offsets for monies already paid and the amount received from Defendant InfinitiHR's settlement, which was approved by the Court. Dkt. 61.

Plaintiff's damages for her unpaid wage claims is $19,896.00. Ms. Boice worked every week, 5 days a week for 9 hours per day. From January 4, 2018 – May 17, 2018 she had 920 regular hours (8 per day) at $7.25 per hour, the federal minimum wage. Ms. Boice should have earned $6,670.00 in wages for this time period.

From May 18, 2018 – October 29, 2018, Ms. Boice worked every week, 5 days a week for 9 hours per day. She had 778 regular hours during this time period at $10.50 per hour, the Arizona minimum wage. Ms. Boice should have earned $8,169.00 in wages for this time period.

The combined wages of $14,839.00 were owed to Ms. Boice for her work. However, she was actually paid $8,207.00 during her employment. Accordingly, Plaintiff's unpaid wage damages is the difference between what she earned and what she was paid. The amount of unpaid wages is $6,632.00.

Under A.R.S. § 23-355, these damages are trebled (or tripled) to equal **$19,896.00** because Defendants did not have a good faith basis to refuse to pay Plaintiff. *See also*, *Schade v. Diethrich*, 158 Ariz. 1, 760 P.2d 1050, 1061 (1988). "If there is a dispute over unpaid wages the employer acts at his peril and the court in its discretion may award treble damages when the withholding was unreasonable and there was no good faith wage dispute." *Apache East, Inc. v. Wiegand,* 119 Ariz. 308, 312, 580 P.2d 769, 773 (App. 1978). There is no evidence of good faith on the part of Defendants regarding paying less than minimum wage to Plaintiff.

Plaintiff made several attempts during and shortly after her employment to reconcile her unpaid wages. Defendants ignored Plaintiff and compelled her to file a lawsuit to recover her unpaid wages. This is not a situation where an employer has a clerical error and, when the error is brought to its attention, works to correct the problem. Plaintiff repeatedly confronted Defendants Fortees Salon & Spa, LLC and Edward Osunlalu to address her concerns about not receiving her full pay. Plaintiff could not resolve her wage issues short of filing this case and deserves the treble damages under Arizona law, totaling **$19,896.00**.

Plaintiff's additional damages for her FLSA overtime claims is $5,335.10. Plaintiff routinely worked 45 hours per week. *See* Dkt. 26, ¶ 55. From January 4, 2018 – May 17, 2018, Ms. Boice worked 115 overtime hours, and using the applicable federal minimum wage of $7.25 as her regular rate, one and one half times that regular rate is $10.87. Accordingly, 115 overtime hours, multiplied by $10.87, equals an unpaid overtime claims of **$1,250.05** for that period of time.

From May 18, 2018 – October 29, 2018, Ms. Boice continued to work an average of 45 hours per week. Dkt. 26, ¶ 55. During that period of time, Ms. Boice worked 90 overtime hours. During that period of time, Arizona's then minimum wage of $10.50 may be used as her regular rate. One and one-half times the regular rate of Arizona's minimum wage is $15.75. Accordingly, 90 overtime hours, multiplied by $15.75, equals an unpaid overtime claims of **$1,417.50** for that period of time.

Therefore, the sum of unliquidated overtime owed is $2,667.55. However, Plaintiff is entitled to have this amount of unpaid overtime liquidated, or doubled, to equal **$5,335.10**. There is a strong presumption toward the award of liquidated damages with "double damages being the norm and single damages being the exception." *Alvarez v. IBP, Inc.,* 339 F.3d 894, 910 (9th Cir. 2003). Liquidated damages represent compensation, and not a penalty. *Local 246 Utility Workers Union of Am. v. S. Cal. Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996) (*citing Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895, 902 (1945)). Liquidated damages compensate employees for losses suffered because of the failure to receive all of the lawful wages they were owed in a timely manner. *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2nd Cir. 1997); *Martin v. Cooper Electric Supply Co.*, 940 F.2d 896, 907 (3rd Cir. 1991). Plaintiff was denied the timely receipt of overtime wages legally due her and she is therefore entitled to an award of liquidated damages.

Using these calculations, and as shown on the summary table below, Plaintiff's total damage claim, less monies received from InfinitiHR, LLC, is $19,231.00.

| | | |
|---|---|---|
| Unpaid Wage Claim[1] | | $19,896.00 |
| Unpaid Overtime Claim | | $5,335.10 |
| InfinitiHR Settlement | | -  $6,000.00 |
| | Total Damages | **$19,231.10** |

4.     *The possibility of a dispute concerning material facts.*

Plaintiff's Second Amended Complaint sets out sufficient facts for her individual claims. Although Defendant's answered, they have a duty to keep time records and "failure to comply with this obligation to keep records shifts to the employer the burden of specifically and expressly rebutting the reasonable inference drawn from the employee's evidence as to the amount of time spent working." *Bledsoe v. Wirtz,* 384 F.2d 767 (10th Cir. 1967). Even before Defendants stopped defending, they did not provide or disclose any admissible evidence contradicting Plaintiff's calculations of her hours worked. Any possible dispute regarding the amounts due to Plaintiff was waived by Defendants failure to further engage in this proceeding. Moreover, as stated above, the work hour calculations by Plaintiff were based on her personal records and best recollections. There is no evidence that would create a dispute of material facts.

5.     *There is no excusable neglect.*

There is no basis to assert an excusable neglect. A defendant's failure to apprise the Court of a current address or obtain replacement counsel is not excusable neglect. *Employee Painters' Trust v. Ethan Enters.*, 480 F.3d 993, 1000 (9th Cir. 2007). As stated above, the Defendants Fortees and Osunlalu appeared in this matter, filed an Answer, and engaged in the scheduling order process. Shortly thereafter, however, their counsel withdrew and the Defendants stopped participating in this case.

As noted in Plaintiff's Motion for Entry of Default against Defendants Fortees and Osunlalu, on March 6, 2020, Plaintiff's counsel emailed and spoke to Mr. Osunlalu on the

---

[1] As noted above, this amount has already subtracted from the untrebled wages the monies paid to Plaintiff during her employment.

telephone. Dkt. 52, ¶¶ 8-12. During these correspondence, Mr. Osunlalu was apprised of the intent to seek default and confirmed that he had received the Court's directive to notify it of his obligations regarding new legal counsel and his intent to defend the case. *Id*. He did not express any objection or opposition to the pending intent to seek default judgment. There is no mistake Mr. Osunlalu (who is the managing-member of Fortees) was expressly aware of Plaintiff's intent to seek a default judgment and he did nothing for several months.

Defendants' were given ample time from this Court to retain new counsel and did not object to Plaintiff's Motion for Entry of Default Judgment. Dkt. 52. Now months later, Defendants Fortees and Osunlalu have retained new counsel. *See* Dkt. 67. However, it is too late to now appear and present evidence to oppose these claims. Defendants Fortees and Osunlalu do not have any reasonable basis to assert excusable neglect.

6. *While the policy favors a decision on the merits.*

"Cases should be decided upon their merits whenever reasonably possible. *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) indicates that this preference, standing alone, is not dispositive. *See id*. Defendants' Fortees Salon & Spa, LLC and Edward Osunlalu were given ample opportunity by this Court to appear and defend these claims. The Court entered default months ago. Dkt. 53. Defendants have not provided any explanation for this months-long absence from litigation. Any right to defend on the merits was waived months ago. Without a default judgment, there is no other practical outcome for this matter. *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172 (C.D. Cal. 2002). This *Eitel* factor weighs in favor of Plaintiff's request for default judgment.

## **ATTORNEY'S FEES AND COSTS**

Plaintiff is the prevailing party in this matter and the FLSA contains a fee-shifting provision for defendants to pay attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs of action"). Plaintiff requests as award of attorneys' fees of $42,889.00 and costs in the amount of $564.00. *See*

1  Affidavit of Attorneys' Fees, attached hereto as Exhibit "B". The fees requested are
2  limited to that time for which Plaintiff was pursuing claims against Defendants Fortees
3  and Osunlalu. While there is initially overlap with claims against Defendant InfinitiHR,
4  the time entries that were directed solely with InfinitiHR have been removed from this
5  application. Moreover, it is impossible to separate out initial efforts as being solely with
6  InfinitiHR or solely with Defendants Fortees and Osunlalu. In any event, the fees
7  requested reasonably reflect the time and effort spent pursing Plaintiff's claims against
8  Defendants Fortees and Osunlalu.

9   In evaluating whether an attorneys' fee award is fair and reasonable, this Court
10 looks to the factors listed in L.R.Civ.P. 54.2(c)(3), each of which is addressed below.

11  **(A)   The time and labor required of counsel**: This case was initially asserted
12 as a collective and class action. Significant time and effort was made on the beginning
13 stages of litigation to enable that type of case to take shape. However, Defendants Fortees
14 and Osunlalu almost immediately abandoned the litigation and left Plaintiff to pursue her
15 claims against the then lone Defendant, InfinitiHR. The fees that were solely directed
16 toward InfinitiHR have been omitted from the underlying fee application. Should
17 Defendants Fortees and Osunlalu remained in this case, engaged in discovery, conducted
18 motion practice, etc., the total fees would be significantly higher. The amount of time
19 spent on efforts directed toward Defendants Fortees and Osunlalu are typical of a matter
20 of this type.

21  **(B)   The novelty and difficulty of the question presented**: This case presented
22 several complicated issues of law and fact. This included evaluations of Plaintiff's work
23 time when she was engaged in efforts for and on behalf of Defendants but was not being
24 paid. For example, Plaintiff was engaged as a beautician and was only paid commissions
25 on these services. But while waiting between appointments, she was required to sweep,
26 clean, maintain inventory, etc. Whether an employee is engaged to wait, or waiting to be
27 engaged, can be a complicated legal issue. *See* 29 C.F.R. §§ 785.14 – 785.17. Likewise,
28 Plaintiff filed two amended complaints. These complaints were amended because

Defendants identified issues regarding nuances related to conditional certification, class certification, the applicable statutes of limitation, the nuances of FLSA joint-employership, and other issues. Navigation of these issues requires competent and experienced wage and hour counsel.

**(C)    The skill requisite to perform the legal service properly**: As noted in the attached affidavit of attorneys' fees, lead counsel Mr. Hill is a shareholder at Jackson White, P.C., and has focused his 10-year career almost entirely on employment law matters, including wage and hour litigation. *See* Affidavit of Attorneys' Fees, attached hereto as Exhibit "B". Mr. Hill received support from several paralegals who have worked in Jackson White's employment litigation department for many years. Grant Cragun is an associate at Jackson White since 2018. Mr. Cragun was previously a Law Clerk for Judge Beene at the Arizona Court of Appeals, Division One, and graduated from Sandra Day O'Conner College of Law at ASU in 2017. Law Clerk Jennifer Putnam Ooms has nearly 20 years of legal experience as a Superior Court bailiff/judicial assistant and private litigation legal assistant, which is now bolstered with two years of law school at the University of Arizona. Moreover, attorney Michael Pruitt, who is also a shareholder at Jackson White, has himself approximately 30 years of employment law litigation experience. Mr. Pruitt assisted with counsel and input as it related to navigating some of the complexities this wage and hour case. These legal professionals helped to litigate this matter in a fair and efficient manner.

**(D)    The preclusion of other employment by counsel because of the acceptance of the action**: Plaintiff's counsel is selective in the wage and hour cases in which they undertake. Having committed to this matter, other potential cases were referred away from the firm or representation was declined because of commitments in this case. After having engaged in significant initial efforts, Defendants Fortees and Osunlalu inexplicably abandoned this case. Notwithstanding, Plaintiff's counsel was already committed to seeing this matter through to completion. Given the default of these

Defendants, and the likelihood of actually collecting against these Defendants, litigating this case has had a negative effect on Plaintiff's counsel's law firm.

**(E)    The customary fee charged in matters of the type involved**: The hourly rates charged in this case are the same hourly rates that Plaintiff's counsel charges in other FLSA wage and hour cases. The following hourly rates were applied:

| | |
|---|---|
| Nathaniel Hill (shareholder attorney): | $400/hour |
| Michael Pruitt (shareholder attorney): | $450/hour |
| Grant Cragun (associate attorney): | $295/hour |
| Caitlin Pruitt (paralegal): | $150/hour |
| Debra Carpenter (paralegal): | $150/hour |
| Jennifer Putnam Ooms (2nd-year law student): | $150/hour |

*See* Affidavit of Attorneys' Fees, attached hereto as Exhibit "B", ¶ 8.

Other similar cases in this District have awarded attorneys' fees at comparable rates. *See, e.g., Gualotuna v. Estrella Gymnastics, LLC*, 2016 WL 8669298 (D.Ariz. 2016) (FLSA case awarding $475/hour rate for 20-year lawyer and $375/hour for three-year lawyer); *Reed v. Purcell*, 2011 WL 5128142 (D.Ariz. 2011) (confirming hourly rates for 20-year lawyer at $425 and $450/hour). The hourly rates requested by Plaintiff are actually below these market rates. Accordingly, the rates requested are reasonable.

**(F)    Whether the fee contracted between the attorney and the client is fixed or contingent**: The contracted fee between Jackson White and Plaintiff is a "contingent fee" arrangement because the client is not charged any fees unless there is a recovery. *See* BLACK'S LAW DICTIONARY, 362 (9th ed. 2009). However, the recovery of this "contingent fee" is based on one of two possible scenarios: (1) a 1/3 percentage of gross recovery; or (2) the amount recovered from an attorneys' fee application. *See* Client Engagement Agreement, attached hereto as Exhibit "C", pp.2-3. Here, the attorneys' fee application is being submitted in furtherance of the FLSA's policy of encouraging private litigants to act as "private attorneys general" to enforce FLSA standards. *Laffey v. NW Airlines, Inc.*, 746 F.2d 4, 11(DC Cir. 1984); *Christopher v. SmithKline Beecham*, 132 S.Ct. 2156, 2162

(2012) ("Congress enacted the FLSA in 1938 with the goal of protecting all covered workers from substandard wages and oppressive working hours"). Comparable to civil rights plaintiffs, FLSA "victims ordinarily cannot afford to purchase legal services at the rates set by the private market." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986) (civil rights plaintiffs). Accordingly, Plaintiff entered into a legal representation agreement wherein she would not be liable for attorneys' fees unless there was a recovery. The risk of this contingent fee recovery justifies the award of attorneys' fees to Plaintiff.

**(G)    Any time limitations imposed by the client or the circumstance**s: As stated above, Plaintiff's counsel was prevented from pursuing other cases because of obligations and commitments to this case. Moreover, Plaintiff's claims needed to be filed immediately to mitigate any further loss of state-law wage claims that were subject to a one-year statute of limitations. Plaintiff could not recover the higher Arizona minimum wage for work performed before May 2018, or longer than one year prior to the filing of the lawsuit. This required Plaintiff's case to receive higher priority to file as soon as possible.

**(H)    The amount of money, or the value of the rights, involved, and the results obtained**: Under the FLSA, courts recognize that the amount of attorneys' fees may exceed the amount of recovery. *See, e.g., Bonnette v California Health and Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983) (upholding $100,000 award of attorneys' fees for $18,455 in FLSA damages); *Powell v. Carey Intern., Inc*., 547 F.Supp.2d 1281, 1286 (S.D.Fla. 2008) ("Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case"). Should the Court be inclined to award Plaintiff the amount requested above, this would be a full recovery, plus treble and liquidated damages to offset the delay in payment. The amount of attorneys' fees sought are thereby fully justified.

**(I)    The experience, reputation, and ability of counsel**: The accompanying Affidavit in support of this fee application identifies Mr. Hill's experience primarily focused on employment litigation. Incidentally, Mr. Hill has also been recognized by his

peers and received a Superlawyers recognition as a "Rising Star" for years 2016 – 2020 in the area of employment and labor law. The rates being requested are commensurate with other labor and employment attorneys of the same skill and experience.

**(J)     The "undesirability" of the case**: This case was pursued with no promise of recovery. Shortly after the litigation started, Defendants Fortees and Osunlalu abandoned the case, making prospects of actual recovery somewhat grim. Moreover, Defendant InfinitiHR raised a vigorous defense of its status as a joint-employer with Defendants Fortees and Osunlalu under the FLSA. The current status of Defendants Fortees and Osunlalu and their ability to satisfy this judgment remains unclear. Plaintiff's counsel stands to end this case with a considerable economic loss.

**(K)     The nature and length of the professional relationship between the attorney and client**: Plaintiff contacted counsel solely for the purpose of recovering her unpaid wages and overtime. This case has lasted over a year. There is no indication that the professional relationship with Plaintiff will continue beyond this case.

**(L)     Awards in similar actions**: As noted in subsection (E), the rates requested are comparable to other FLSA cases in this District. Plaintiff submits that these rates are justified as being comparable to these similar cases.

**(M)     Any other matters deemed appropriate under the circumstances**: Defendants Fortees and Osunlalu abandoned this case when their previous counsel withdrew in January 2020. *See* Dkt. 47. Even after the deadline for these Defendants to notify the Court of their intent to proceed or to obtain replacement counsel, Plaintiff's counsel made additional efforts to contact Mr. Osunlalu and ascertain whether he knew of his obligations to the Court and his intent to proceed. *See* Dkt. 52, ¶¶ 7-12. During a telephonic discussion, Mr. Osunlalu confirmed he had received the notices from the Court. *Id*. at ¶ 12. Now that six months have passed, Defendants Fortees and Osunlalu have obtained replacement counsel. *See* Dkt. 67. Defendants Fortees and Osunlalu cannot reasonably oppose the amounts of the default judgment and accompanying attorneys' fees on the grounds of surprise or excusable neglect.

Plaintiff's counsel spoke with Defendants Fortees and Osunlalu's new counsel, Bradley Gardner, to address the requirements of L.R.Civ. 54.2(d)(1). Although this rule does not apply in the context of a default, *see* L.R.Civ. 54.2(a), out of an abundance of caution, and as a matter of professional courtesy, counsel performed this consultation. During this discussion Defendants were apprised of Plaintiff's intent to file an Application for Attorney's Fees and Costs. Defense counsel responded they would review the submission and respond accordingly.

## CONCLUSION

Plaintiff requests the Court grant the Motion for Default and enter final Judgment in her favor on her claims against Defendant Fortees Salon & Spa, LLC and Edward Osunlalu, because the *Eitel* factors weigh in favor of granting Plaintiff's request. Plaintiff requests a full award of $19,231.10 in total remaining damages. Moreover, Plaintiff requests that her application for attorneys' fees of $42,889.00, and costs of $564.70 be granted in full.

**RESPECTFULLY SUBMITTED** this 10th day of July, 2020.

**JACKSON WHITE**

 s/ Nathaniel J. Hill
By:   Michael R. Pruitt, SBN 011792
         Nathaniel J. Hill, SBN 028151
         Grant S. Cragun, SBN 034332
40 North Center Street, Suite 200
Mesa, Arizona   85201
*Attorneys for Plaintiff*

1  I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
2  Notice of Electronic Filing to the following if CM/ECF registrants, and mailed a copy of same
3  to any non-registrants this 10th day of July, 2020:

4  
5  Pavneet Singh Uppal
   Kristina Leonhardt
   FISHER & PHILLIPS LLP
6  3200 North Central Avenue, Suite 805
   Phoenix, Arizona   85012-2425
7  *Attorneys for Defendant Infiniti HR West*

8  Bradley D. Gardner
   UDALL SHUMWAY PLC
9  1138 N. Alma School Rd., Suite 101
   Mesa, Arizona 85201
10 *Attorneys for Defendants Fortees Salon &*
   *Spa, LLC and Edward Osunlalu*
11

12

13 By:   s/ Debra Carpenter

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28