Pavneet Singh Uppal, SBN 0161550
Kris Leonhardt, SBN 026401
Larry Sorohan (*Pro Hac Vice*), LA SBN 26120
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@fisherphillips.com
kleonhardt@fisherphillips.com
lsorohan@fisherphillips.com
Attorneys for Defendant and
Cross-Claimant InfinitiHR, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Yukino Angela Boice,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Fortees Salon & Spa, LLC, an Arizona Limited Liability Company; Edward Osunlalu, a single man; and InfinitiHR, LLC<br><br>　　　　　Defendants. | No. CV-19-04484-PHX-JJT<br><br>**CROSS-CLAIMANT INFINITIHR, LLC'S MOTION FOR DEFAULT JUDGMENT AGAINST CROSS-DEFENDANT FORTEES SALON & SPA, LLC** |
| InfinitiHR, LLC,<br><br>　　　　　Cross-Claimant,<br><br>v.<br><br>Fortees Salon & Spa, LLC, an Arizona limited liability company,<br><br>　　　　　Cross-Defendant. | |

Pursuant to Fed. R. Civ. P. 55(b) and the entry of default against Cross-Defendant Fortees Salon & Spa, LLC (Doc. 51) by the Clerk of Court, Cross-Claimant InfinitiHR, LLC hereby respectfully moves for an entry of a default judgment against Cross-Defendant Fortees Salon & Spa, LLC. Entry of default judgment is appropriate in this

matter under Rule 55(b) and the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). This Motion is more fully supported by the following Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such matters as may be introduced at a hearing on this Motion, if any.

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

### I. <u>Relevant Factual and Procedural Background</u>

This action arises out of Plaintiff Yukino Boice's employment relationship with Cross-Defendant Fortees Salon & Spa, LLC ("Cross-Defendant Fortees" or "Salon") as a stylist and make-up artist from January 4, 2018 through November 17, 2018. [Second Amended Collective and Class Action Complaint "SAC" at Doc. 26, ¶ 53]. On June 17, 2019, Plaintiff Boice initiated the instant lawsuit on behalf of herself and other purportedly similarly situated employees against Cross-Defendant Fortees, Salon owner Defendant Edward Osunlalu ("Defendant Osunlalu"), and Cross-Claimant InfinitiHR, LLC ("Infiniti") in United States District Court for the District of Arizona. [Doc. 1]. In her SAC, Plaintiff Boice alleged minimum wage and overtime violations of the Fair Labor Standards Act ("FLSA") and failure to properly pay wages under Arizona Minimum Wage Act as a result of her work at Salon. [Doc. 26]. Plaintiff filed her Second Amended Collective and Class Action Complaint on October 4, 2019 alleging Infiniti and Cross-Defendant Fortees were "joint employers" pursuant to the FLSA and applicable Arizona laws. [Doc. 26, ¶¶ 7-9].

Infiniti is a Professional Employer Organization ("PEO") providing professional human resources services to its clients. [Doc. 29, p. 3 ¶ 6]. On or about August 30, 2017, Cross-Defendant Fortees entered into a Client Service Agreement ("CSA") with HR Service Group, LLC, in which HR Service Group, LLC was to provide certain professional human resources services to Cross-Defendant Fortees. [Doc. 29, p. 25 ¶ 7]; **Exhibit A**, Client Services Agreement. Pursuant to the terms of the CSA, HR Service Group, LLC subsequently assigned its duties, responsibilities, and rights to Cross-Claimant Infiniti. [Doc. 29, p. 25 ¶ 7]. Infiniti provided professional human resources

services to Cross-Defendant Fortees under the CSA from approximately September 2017 up until October 2018. [Doc. 29, p. 25 ¶ 7, p. 26 ¶ 12].

The CSA provided that Cross-Defendant Fortees had a contractual duty to "indemnify, hold harmless, and defend Infiniti HR, its subsidiaries, affiliates, agents, and employees" from claims related to Cross-Defendant Fortees' failure to perform its duties under the contract, which included Cross-Defendant Fortees' duty to "maintain records of actual time worked," its duty "to comply with the Fair Labor Standards Act and all applicable law by reporting all overtime" and a duty to "accurately report wages, salaries, hours, and exemption or non-exempt status." [Doc. 29, p. 25 ¶¶ 9-10, p. 26 ¶ 11]; **Exhibit A**, p. 7 ¶ D, p. 14 ¶ B(1)-(4). The CSA also states "[i]n any action to enforce or bring a dispute under this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and other costs incurred in such action from the other party, in addition to any other relief to which the party may be entitled." **Exhibit A**, p. 17 ¶ 12.

On October 18, 2019, Infiniti filed its Answer to the SAC and its cross-claims against Defendant Fortees for express indemnity, breach of contract, and breach of the implied covenant of good faith and fair dealing. [Doc. 26]. Therein, Infiniti requested indemnity for any liability in this action, as well as reimbursement of all defense costs including attorneys' fees and costs. On November 8, 2019, Defendant Fortees filed its Answer to Infiniti's cross-claims generally claiming it was "without sufficient information to admit or deny the allegations and legal conclusions" as alleged. [Doc. 36]. On January 27, 2020, counsel for Cross-Defendant Fortees moved to withdraw. [Doc. 47]. This motion was granted on January 31, 2020, giving Cross-Defendant Fortees 30 days to retain new counsel, or "Plaintiff shall move for entry of default against Fortees or move to dismiss the action as against Fortees within five days of expiration of the deadline." [Doc. 48]. No counsel having timely entered an appearance for Cross-Defendant Fortees, and upon motion for entry of default, the Clerk of Court entered default against Cross-Defendant Fortees with regard to Infiniti's cross-claims on March

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

5, 2020. [Docs. 50, 51]. On or about June 18, 2020, Plaintiff Boice and Infiniti executed a Settlement Agreement and Release of Claims ("Settlement Agreement") which was approved by the Court on June 22, 2020. [Docs. 62, 63]. As a result, Plaintiff's claims against Infiniti were dismissed with prejudice. [Doc. 63].

Pursuant to this Settlement Agreement, Infiniti is required to pay, and has paid, $9,000.00 to Plaintiff Boice ($6,000.00 less taxes to Plaintiff and $3,000.00 in attorney's fees and costs to Plaintiff's counsel). [Doc. 62, p.10; Doc. 63]. Additionally, Infiniti has incurred $77,457.00 in attorneys' fees and $168.50 in costs as damages associated with defending itself in this action, which are compensable under the indemnity provisions of the CSA.[1] *See* **Exhibit B**, Affidavit of Pavneet Singh Uppal. Infiniti is willing to voluntarily reduce its request for reimbursement of attorneys' fees from $77,457.00 to $50,000.00.

## II. Legal Standards and Argument

After default is entered by the Clerk of Court, the Court may enter default judgment against a defaulting party pursuant to Rule 55(b). As a result, the Court must consider whether to enter default judgment and the amount of appropriate damages.

### A. Entry of Default Judgment and the *Eitel* Factors

The Court should consider the following factors in determining whether to enter a default judgment: (1) possible prejudice to plaintiff/cross-claimant; (2) merits of the claims; (3) sufficiency of the complaint; (4) amount at stake; (5) possible factual disputes; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United*

---

[1] To the extent that this Court determines that Infiniti's request for attorneys' fees and/or costs should be determined post-judgment, Infiniti respectfully reserves the right and requests permission to submit its request for attorneys' fees and costs pursuant to Rule 54, LRCiv 54.1, and/or 54.2.

*Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### 1. Possible Prejudice to Cross-Claimant.

The first *Eitel* factor weighs in favor of default judgment. Although Cross-Defendant Fortees answered the Cross-Complaint, Defendant Fortees has further failed to participate in this litigation. Following the withdrawal of Cross-Defendant Fortees' attorney for lack of payment, Cross-Defendant Fortees failed to timely retain new counsel, participate in discovery, and to defend against Infiniti's cross-claims. As a result, if this Motion is not granted, Cross-Claimant will be prejudiced and "without other recourse for recovery" against Cross-Defendant Fortees. *G&G Closed Circuit Events LLC v. Venegas Alcantara*, No. CV-18-02836-PHX-JJT, 2020 WL 1047058, at *2 (D. Ariz. Mar. 4, 2020).

### 2. Merits of the Claims and Sufficiency of the Complaint.

The second and third *Eitel* factors require Infiniti to have "adequately pled [its] claims against [Cross-]Defendant." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Specifically, "[t]he Ninth Circuit has suggested that these two factors require that a [claimant] state a claim on which the [it] may recover." *Id.* at 1175 (citations omitted).

Here, Cross-Claimant Infiniti has sufficiently pled its cross-claims and stated a claim against Cross-Defendant Fortees. Infiniti has alleged claims for express indemnity, breach of contract, and breach of the implied covenant of good faith and fair dealing. In order to state a claim for express contractual indemnity, Infiniti must show the existence of a valid contractual obligation to indemnify under the circumstances. *See e.g. INA Ins. Co. of N. Am. v. Valley Forge Ins. Co.*, 150 Ariz. 248, 252 (Ct. App. 1986). Infiniti has identified and sufficiently pled the existence of a valid, enforceable contractual indemnity clause in which Cross-Defendant Fortees owes a duty to indemnify, hold harmless, and defend Infiniti from and against the claims asserted in the instant lawsuit.

In order to plead a claim for breach of contract, generally, Infiniti must show: (1) the existence of a valid contract; (2) a breach; and (3) damages. *Graham v. Ashbury*, 112

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

Ariz. 184, 185 (1975). Further, "[t]he essence of [the implied covenant of good faith and fair dealing] is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Rawlings v. Apodaca*, 151 Ariz. 149, 153 (1986). Each party to a contract is "bound to refrain from any action which would impair the benefits which the other had the right to expect from the contract or the contractual relationship." *Id*. at 154. Here, Infiniti's cross-claim identifies the existence of a valid contract, the specific provisions under which Cross-Defendant Fortees breached or impaired its rights, and the resulting damages consisting of Infiniti's exposure for liability to Plaintiff and its defense costs in the instant lawsuit. Because Infiniti states claims for indemnity, breach of contract, and breach of the covenant of good faith and fair dealing in its cross-claim, the second and third *Eitel* factors weigh in favor of default judgment.

### 3. Amount at Stake.

"Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct." *G&G Closed Circuit Events*, No. CV-18-02836-PHX-JJT, 2020 WL 1047058, at *2. Here, Plaintiff has alleged multiple violations of federal and state minimum wage and overtime laws (on an individual and collective basis) against Infiniti and Cross-Defendant Fortees. Infiniti has claimed Cross-Claimant Fortees has a contractual duty to indemnify, defend, and hold Infiniti harmless against these claims. Given the seriousness of the allegations against Cross-Claimant Fortees, including the collective nature of the claims, the amount of money requested – $9,000.00 for indemnity and $50,168.50 in fees and costs – is appropriate.

### 4. Possible Dispute Concerning Material Facts.

"Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. Accordingly, no genuine dispute of material facts would preclude granting [claimant's] motion." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (internal citation omitted). Here, Infiniti has properly pled its claims for indemnity,

6

FP 38139017.1

breach of contract, and breach of the implied covenant of good faith and fair dealing. Infiniti's cross-claims identify the relevant contractual provisions, their breach, and its damages. Cross-Defendant failed to participate in discovery or otherwise defend itself against these cross-claims. As a result, there are no genuine disputes as to the material facts in this matter and this factor weighs in favor of the Court granting a default judgment against Cross-Defendant Fortees.

### 5. Whether Default Was Due to Excusable Neglect.

Next, the Court must consider the possibility of excusable neglect. Typically when a defendant has been served but does not answer the complaint, the possibility of excusable neglect is unlikely. *G&G Closed Circuit Events*, No. CV-18-02836-PHX-JJT, 2020 WL 1047058, at *2. Here, Cross-Defendant Fortees actually answered the cross-complaint before it stopped defending itself and participating in this action. This further demonstrates the remoteness of the existence of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Given Defendant's early participation in the matter, the possibility of excusable neglect is remote.") As a result, this factor also weighs in favor of default judgment.

### 6. Policy Favoring Decision on the Merits.

The final *Eitel* factor typically weighs against default judgment given the tenant that cases "should be decided on their merits whenever reasonably possible." *G&G Closed Circuit Events*, No. CV-18-02836-PHX-JJT, 2020 WL 1047058, at *3 (citing *Eitel*, 782 F.2d at 1472). The existence of Rule 55, "however, indicates that this preference, standing alone, is not dispositive." *Id*. "The Court therefore is not precluded by this factor from entering default judgment…" *Id*. This is especially the case where, as here, the defendant appeared but subsequently suspended its efforts to participate in the litigation. As a result, moving forward in this case on the merits is not reasonably possible, and default judgment should be entered.

### B. The Amount of Damages to be Awarded

Entry of default establishes liability "but not the extent of the damages to the

7

FP 38139017.1

plaintiff class." *Geddes*, 559 F.2d at 560. "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). "A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *King v. Union Leasing Inc.*, 2018 WL 5044660, *2 (D. Ariz. 2018) (citing *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997)). Although Plaintiff must prove up damages, "[t]he court has considerable latitude in determining the amount of damages." *United States v. Gant*, 268 F. Supp. 2d 29, 32 (D.D.C. 2003); *see also Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014) (noting the plaintiff's relaxed burden and the court's broad latitude in quantifying damages following entry of default); *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 759 (7th Cir. 2011) ("Once the plaintiff proves injury, broad latitude is allowed in quantifying damages, especially when the defendant's own conduct impedes quantification.")

Here, the amount of Infiniti's damages are easily ascertainable. Infiniti entered into a Settlement Agreement which requires it to pay a total of $9,000.00 to Plaintiff and/or her attorney. [Doc. 62, p.10]. Infiniti is entitled to indemnity for this amount under the CSA. [Doc. 29, p. 25 ¶¶ 9-10, p. 26 ¶ 11]; **Exhibit A**, p. 7 ¶ D, p. 14 ¶ B(1)-(4). Further, Infiniti has incurred $77,457.00 in attorneys' fees and $168.50 in costs associated with defending against his action. **Exhibit B**. Infiniti is entitled to reimbursement for the costs defense under the CSA. [Doc. 29, p. 25 ¶¶ 9-10, p. 26 ¶ 11]; **Exhibit A**, p. 7 ¶ D, p. 14 ¶ B(1)-(4), p. 17 ¶ 12. Regardless, Infiniti is willing to voluntarily reduce its request for reimbursement of attorneys' fees from $77,457.00 to $50,000.00. Because these amounts are fixed and easily ascertainable, Infiniti requests this Court enter default judgment against Cross-Defendant Fortees in the **total amount of $59,168.50** without requiring a further hearing in this matter unless the Court

FP 38139017.1

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

otherwise deems a hearing necessary in this matter.

### III. Conclusion

Based on the foregoing, Cross-Claimant Infiniti respectfully requests this Court enter default judgment against Cross-Defendant Fortees in the amounts of: (1) $9,000.00 as and for damages paid to Plaintiff Boice in this matter; (2) $50,000.00 as and for attorneys' fees; and (3) $168.50 for costs (**$59,168.50 total**). Cross-Claimant Infiniti further reserves the right and requests permission to submit a separate motion for attorneys' fees and costs should this Court determine such a request is necessary pursuant to Rule 54, LRCiv 54.1, and/or 54.2.

RESPECTFULLY SUBMITTED this 10th day of July 2020.

FISHER & PHILLIPS LLP

By  /s/ Pavneet Singh Uppal
Pavneet Singh Uppal
Kris Leonhardt
Larry Sorohan (*Pro Hac Vice*)
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487

Attorneys for Defendant
and Cross-Claimant InfinitiHR, LLC

9

FP 38139017.1

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s)

Michael R. Pruitt
Nathaniel J. Hill
Grant S. Cragun
JACKSON WHITE, P.C.
40 North Center Street, Suite 200
Mesa, Arizona 85201
centraldocket@jacksonwhitelaw.com
mpruitt@jacksonwhitelaw.com
nhill@jacksonwhitelaw.com
gcragun@jacksonwhitelaw.com
Attorneys for Plaintiff

Bradley D. Gardner
UDALL SHUMWAY
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
bdg@udallshumway.com
Attorney for Cross-Defendants Fortees and Osunlalu


/s/ Elvin Valentin, Jr.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 38139017.1