**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yukino Angela Boice, | No. CV-19-04484-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Fortees Salon & Spa LLC, *et al.*, | |
| Defendants. | |

At issue are the Motions for Default Judgment filed by Plaintiff Yukino Angela Boice (Doc. 68) and Cross-Plaintiff InfinitiHR, LLC (Doc. 69), and the Motions to Vacate Entry of Default filed by Defendant Edward Osunlalu and Defendant/Cross-Defendant Fortees Salon & Spa, LLC (Docs. 70, 71). The Court will resolve these Motions without oral argument. *See* LRCiv 7.2(f).

**I.      BACKGROUND**

Plaintiff filed this putative collective and class action under the Fair Labor Standards Act and Arizona Wage Act on June 17, 2019 (Doc. 1), and filed the Second Amended Complaint (Doc. 26), the operative pleading, on October 4, 2019. Defendant InfinitiHR filed an Answer on October 18, 2019 that included a Cross-Claim against Fortees. (Doc. 29.) Defendants Fortees and Osunlalu, who were represented by counsel at the time, filed Answers to the Second Amended Complaint on October 25, 2019 (Docs. 31, 32), and Fortees filed an Answer to the Cross-Claim on November 8, 2019 (Doc. 36).

All parties participated in the discovery planning conferences, and the Court held a Scheduling Conference under Federal Rule of Civil Procedure 16 on January 13, 2020

(Doc. 42) with all parties in attendance. The Court entered a Scheduling Order (Doc. 44) that bifurcated the discovery process; Phase I concerned discovery related to the threshold legal issue of whether InfinitiHR may be liable as Plaintiff's employer under the FLSA and Arizona Wage Act, and Phase II concerned discovery related to Plaintiff's anticipated motion for conditional and class certification.

After the Court's entry of the Scheduling Order, counsel for Fortees and Osunlalu filed a Motion to Withdraw as Counsel of Record (Doc. 47) that did not contain the written consent of Fortees and Osunlalu, although they were notified of the Motion. Without awaiting responses, the Court entered an Order granting the Motion four days later. (Doc. 48.) In that Order, dated January 31, 2020, the Court stated that Osunlalu had 30 days to find counsel or notify the Court that he intended to proceed *pro se*; Fortees, as an entity, was obliged to find counsel within 30 days, and the Court stated that Plaintiff was to move for entry of default within five days of a failure by Fortees to timely find counsel. (Doc. 48.)

The 30-day deadline came and went, and both Plaintiff and InfinitiHR applied for entry of default against both Osunlalu and Fortees, which the Clerk of Court entered. (Docs. 50–53.) New counsel appeared for Osunlalu and Fortees on July 8, 2020. (Doc. 67.) Plaintiff and InfinitiHR moved for default judgment on July 10, 2020 (Docs. 68, 69), and Osunlalu and Fortees moved to vacate the entries of default on July 24, 2020 (Docs. 70, 71).

## II.   ANALYSIS

Federal Rule of Civil Procedure 55(a) states that the Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Rule 55(c) allows the Court to set aside any entry of default for "good cause." *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (noting that a District Court's discretion is especially broad when considering to set aside entry of default). In deciding whether to exercise its discretion and set aside entry of default, the Court must contemplate the totality of the circumstances, including such factors as: (1) whether the default was willful; (2) whether the defaulting party acted promptly to set

aside the default; (3) whether the opposing party would be prejudiced by setting aside the default; and (4) whether the moving party has a meritorious defense to the action. *Id.*

Fortees and Osunlalu have demonstrated good cause for the Court to set aside the default entered against them. To begin with, this is not an instance in which Defendants did not answer and defend in this lawsuit. Both Fortees and Osunlalu answered the Second Amended Complaint and fully participated in the discovery, case management and other proceedings in this case until their counsel withdrew. Moreover, the Court agrees with Fortees and Osunlalu that the Court's Order permitting their counsel to withdraw (Doc. 48) only directed the filing of an application for entry of default against Fortees if it failed to retain counsel within 30 days, because an entity generally cannot appear *pro se* in this Court. *See, e.g.*, *In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). The Court did not direct Plaintiff (and, according to InfinitiHR, Cross-Plaintiff) to apply for entry of default against Osunlalu or set a deadline therefor, and no deadline for entry of default otherwise exists in an instance such as this. The applications for entry of default by Plaintiff and InfinitiHR against Osunlalu were thus not explicitly premised on any Rule or Order, and at the time they were filed, there was no indication Osunlalu did not intend to defend in this case, particularly after he had duly participated until his counsel withdrew.

Second, the Court also agrees with Fortees and Osunlalu that the Court ruled on their prior counsel's Motion to Withdraw quickly—in four days—and without waiting for any response from them, which is inconsistent with Local Rule 83.3. That Rule requires that when withdrawing counsel does not obtain written approval from the clients to withdraw—as was the case here—then counsel must file a Motion and serve it on the clients. Fortees and Osunlalu should have had the opportunity to respond to the Motion, but the Court did not await their responses. This put Fortees in particular in a difficult position, because, as an entity, it is not permitted to appear in this Court without counsel, so it was not even able to respond to the Motion to Withdraw once the Court granted the Motion.

Third, as for the approximately four-month delay that ensued until Fortees and Osunlalu retained new counsel, there can scarcely be a better excuse for such a delay than

the pandemic that first took hold at the time they were to notify the Court of new counsel. Their counsel did appear before Plaintiff and InfinitiHR filed their Motions for Default Judgment. (Doc. 67.)

And fourth, Fortees and Osunlalu have demonstrated they may have meritorious defenses to Plaintiff's and InfinitiHR's claims. Moreover, the prejudice to Plaintiff and InfinitiHR in terms of delay caused by the late appearance of Defendants' new counsel is reduced by the fact that Phase I discovery was for the purpose of determining whether InfinitiHR could be liable as Plaintiff's employer, and InfinitiHR and Plaintiff have since entered into a settlement agreement and Plaintiff has dismissed her claims against InfinitiHR. (Doc. 63.)

The Court prefers to resolve claims on the merits. A review of the procedural history of this case leads the Court to conclude that Fortees and Osunlalu did not intend to give up their defense in this matter, and they have demonstrated good cause for the delay in securing counsel and for the Court to set aside the defaults entered against them.

**IT IS THEREFORE ORDERED** denying the Motions for Default Judgment filed by Plaintiff Yukino Angela Boice (Doc. 68) and Cross-Plaintiff InfinitiHR, LLC (Doc. 69).

**IT IS FURTHER ORDERED** granting the Motions to Vacate Entry of Default filed by Defendant Edward Osunlalu and Defendant/Cross-Defendant Fortees Salon & Spa, LLC (Docs. 70, 71).

**IT IS FURTHER ORDERED** vacating the entries of default at Docs. 51 and 53.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Proposed Case Management Schedule within 14 days of entry of this Order. If the parties cannot agree on a case schedule going forward, the Joint Proposed Case Management Schedule shall indicate in what areas the parties disagree.

Dated this 29th day of March, 2021.

Honorable John J. Tuchi
United States District Judge